U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

AUG 14 2006

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| **GARY KEVIN BATES** | **CIVIL ACTION NO. 05-1988-P** |
| **VERSUS** | **JUDGE HICKS** |
| **THOMAS RUCKER, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Gary Kevin Bates ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on November 10, 2005. Plaintiff is currently incarcerated at the LaSalle Correctional Center, but he complains his civil rights were violated by prison officials while incarcerated at the Bossier Sheriff Correctional Facility in Plain Dealing, Louisiana. He names Thomas Rucker, Charles Gray, Larry C. Deen and Richard L. Stalder as defendants.

Plaintiff claims he was incarcerated at the Bossier Sheriff Correctional Facility from March 4, 2005 until March 23, 2006. He claims he was denied access to the law library. He further claims the law library was inadequate.

Accordingly, Plaintiff seeks to be transferred to another facility and injunctive relief.

For the following reasons, Plaintiff's claim for a transfer to another facility should be

dismissed with prejudice as frivolous and his claims for injunctive relief should be dismissed without prejudice as moot.

## LAW AND ANALYSIS

### Transfer Claims

The United States Supreme Court has held that it is for state prison authorities to decide where a state prisoner is to be incarcerated, and that a prisoner has no right to challenge his place of incarceration. See Olim v. Wakinekona, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Under Olim and Meachum, this Court has no authority to order the State to transfer Plaintiff to another prison. Furthermore, Plaintiff has been transferred to the LaSalle Correctional Center in Olla, Louisiana. Accordingly, Plaintiff's request for a transfer to another facility should be dismissed with prejudice as frivolous.

### Injunctive Relief Claims

Plaintiff filed this complaint while incarcerated at the Bossier Sheriff Correctional Facility in Plain Dealing, Louisiana, alleging that his civil rights were violated by prison officials. He is currently incarcerated at the LaSalle Correctional Center in Olla, Louisiana. Plaintiff's transfer from the Bossier Sheriff Correctional Facility to the LaSalle Correctional Center has rendered his claims for injunctive relief moot. Herman v. Holiday, 238 F.3d 660, (5th Cir. 2001). Accordingly, Plaintiff's request for injunctive relief should be dismissed without prejudice as moot.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims seeking a transfer to another facility be **DISMISSED WITH PREJUDICE** as frivolous and Plaintiff's civil rights claims seeking injunctive relief be **DISMISSED WITHOUT PREJUDICE** as moot.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 14th day of August 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

H:\PRO SE\1983\R&R-TRAN\Bates.moot.trans.inj.8-06.wpd